**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victorio C. Rivera,<br><br>    Plaintiff,<br><br>vs.<br><br>Transnation Title Company; Solomon Law Office, P.C.; Dennis I. Davis Law Office; and Attorney John Tulio,<br><br>    Defendants. | No. CV 07-815-PCT-MHM<br><br>**ORDER** |

Pending before the Court are Defendant Transnation Title Company's Motion for Summary Judgment (Doc. # 16), and *pro se* Plaintiff Victorio C. Rivera's Cross-Motion for Summary Judgment (Doc. # 27), Motion for Re-Consideration of Order Denying Motion to Compel (Doc. # 15), and Petition (Motion) for Order Allowing Plaintiff Pro Se Rivera to Serve the Estate of Defendant "Deceased" Dennis I. Davis Law Office (Doc. # 18). The Court, having considered said motions, the responses and replies thereto, and the applicable law, now enters its ruling.

I.    BACKGROUND

On April 18, 2007, Plaintiff filed a Complaint alleging that Defendants Transnation Title Company, Solomon Law Office, P.C., Dennis I. Davis Law Office, and Attorney John Tulio "conspired" against him to "deprive[] him of his rights to inherit, purchase, lease, sell, hold and convey real and personal property" in violation of 42 U.S.C. §§ 1983, 1985, 1986,

1  1981, and 1982, and the First and Fourteenth Amendments to the United States Constitution.
2  (Doc. # 1) The allegations stem from Plaintiff's unsuccessful attempt to sell certain property
3  located in Navajo County, Arizona, that Plaintiff alleges he lawfully inherited under the
4  terms of a formal will executed by decedent Elias J. Umali.

5  Plaintiff opened escrow with Defendant Transnation to sell the Navajo County
6  property to a buyer in December 2006. (Doc. # 17, Transnation's Statement of Facts
7  ("SOF") 1) Transnation conducted a title search of the recorded records of the Navajo
8  County Recorder in preparation for the issuance of a title commitment. (Id., SOF 2) The
9  title search revealed a Notice of Litigation Pending recorded on November 2, 1988, by
10 attorney Dennis Davis, also named as a defendant in this case. The Notice was related to a
11 Navajo County, Arizona probate matter concerning the estate of Elias J. Umali. (Id., SOF
12 3)

13 Transnation issued its title commitment with a list of requirements that had to be
14 fulfilled before a title insurance policy could be issued, including a requirement to release
15 the lis pendens on the subject property. (Id., SOF 4) Apparently Plaintiff was unable to
16 fulfill these requirements, and now alleges that Transnation "conspired by refusing to 'close
17 the escrow' to complete the sale transaction." (Doc. # 1, ¶ 26).

18 II.  DISCUSSION

19     A.  Transnation's Motion for Summary Judgment

20 Transnation filed a Motion for Summary Judgment on July 5, 2007, arguing that
21 Plaintiff has failed to produce evidence to support a prima facia case against Transnation on
22 any of his claims, and therefore the Court should enter judgment in its favor. (Doc. # 16, p.
23 8) After Plaintiff failed to file a response within the thirty-day time period allowed under
24 Local Rule of Civil Procedure 56.1(d), the Court entered a minute order on September 13,
25 2007, instructing Plaintiff to file a responsive memorandum by September 26, 2007, or risk
26 having the Court summarily grant summary judgment for Transnation. (Doc. # 24) Plaintiff
27 has failed to respond to the Court's order.
28

Pursuant to Local Rule of Civil Procedure 7.2(i), "if the unrepresented party . . . does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." Because Plaintiff has not filed a response despite being given yet a second opportunity to do so, the Court will deem Plaintiff's failure to respond to Transnation's motion a consent to the Court's granting Transnation's Motion for Summary Judgment.

Notwithstanding Plaintiff's failure to respond to Transnation's Motion for Summary Judgment, the Court has reviewed said motion, the supporting statement of facts and exhibits thereto, as well as the record before it and finds that Plaintiff has failed to produce evidence sufficient to support his claims and therefore Transnation is entitled to summary judgment. With respect to Plaintiff's claim against Transnation under 42 U.S.C. § 1981, the Court finds that Plaintiff has failed to set forth specific allegations of intentional discrimination on account of race regarding Transnation's requirement that the lis pendens be released before Plaintiff could sell the property. See Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). Similarly, with respect to Plaintiff's claim under 42 U.S.C.§ 1982, Plaintiff has failed to allege that Transnation's conduct constitutes race-based discrimination. Glover v. Tower, 700 F.2d 556, 558 (9th Cir. 1983), aff'd, 467 U.S. 914 (1984). With respect to Plaintiff's 42 U.S.C. § 1983 claim, Plaintiff has failed to allege that Transnation's conduct involved state action, see Glover, 700 F.2d at 559 n.1, and has failed to state specific facts to support his claim of a conspiracy, see Coverdell v. Dep't. of Social and Health Servs., 834 F.2d 758, 769 (9th Cir. 1987). With respect to Plaintiff's claim under 42 U.S.C. § 1985, Plaintiff has failed to allege that Transnation's conduct was based on any race or class-based discrimination. Arnold v. Tiffany, 487 F.2d 216, 218 (9th Cir. 1973).[1]

Finally, with respect to Plaintiff's claims for relief under the First and Fourteenth Amendments, Plaintiff fails to make the requisite showing that Transnation's conduct

---

[1] Plaintiff's claim under 42 U.S.C. § 1986 does not involve Transnation. (See Doc. # 1, VII, Third Claim for Relief)

involved state action. See United Bhd. of Carpenters and Joiners of Am., Local 610, AFL-CIO, *et al.* v. Scott, *et al.*, 463 U.S. 825, 831 (1983); Rendell-Baker v. Kohn, 457 U.S. 830, 837-38 (1982). Accordingly, because the record demonstrates that Plaintiff has failed to make a sufficient showing with respect to each of the elements of his claims and that no genuine issue exists as to any material fact, see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), the Court will grant Transnation's Motion for Summary Judgment.

   B. Plaintiff's Cross-Motion for Summary Judgment

On September 21, 2007, Plaintiff filed a pleading entitled "Cross-Motion for Summary Judgment Because, I Am Entitled to Judgment As a Matter of Law." (Doc. # 27) Plaintiff appears to argue that there is no genuine issue of material fact for trial and that he is entitled to summary judgment as a matter of law because "Defendant Transnation Title Company and their lawyers knowingly or should have known that plaintiff pro se Rivera's separately concise statement of facts in his Complaint consist[s] of Fifty-two or '52' averments" and "only three (3) averments were alleged "ADMITTED" by the defendant Transnation Title Company and their lawyers." (Doc. # 27, p. 2, ¶¶ 3, 4) Plaintiff also states that "Defendant Transnation Title Company and their lawyers knowingly or should have known that co-defendant Solomon Law Office, P.C." and "co-defendant attorney John Tulio" and "co-defendant Dennis I. Davis Law Office" have "refused to appear, plead or otherwise defend . . . and therefore have defaulted." (Id., ¶¶ 6-8)

Transnation filed a Response (Doc. # 28) arguing that Plaintiff's allegations regarding other defendants who may have "refused to appear, plead or otherwise defend" against Plaintiff's Complaint are irrelevant and have nothing to do with Transnation, which answered the Complaint and filed a motion for summary judgment in the case.

Transnation further argues that Plaintiff's allegation that there are fifty-two concise statements in the original Complaint also is irrelevant. Transnation points out that a party may not merely rest on its pleadings for a motion for summary judgment but must present admissible evidence or affidavits to support the claims. Fed. R. Civ. P. 56(e); Ross v. Int'l Bhd. of Elec. Workers, AFL-CIO, 544 F.2d 1022, 1025 (9th Cir. 1976).

1  In his Reply, Plaintiff merely repeats the arguments as described above and concludes
2  that he is entitled to summary judgment as a matter of law.  (Doc. # 30)
3  First, the Court notes that Plaintiff has failed to comply with Local Rule of Civil
4  Procedure 56.1(a), which requires that a "party filing a motion for summary judgment shall
5  file a statement, separate from the motion and memorandum of law, setting forth each
6  material fact on which the party relies in support of the motion."  A failure to submit such
7  statement of facts "may constitute grounds for the denial of the motion."  LRCiv. 56.1(a).
8  Next, notwithstanding Plaintiff's failure to comply with Rule 56.1(a), after reviewing
9  Plaintiff's Cross-Motion for Summary Judgment, the Court finds that the motion fails to set
10  forth any facts or legal basis that would entitle Plaintiff to summary judgment.  The Court
11  will therefore deny the motion.
12  C.  Plaintiff's Motion for Re-Consideration of Order Denying Motion to Compel
13  Plaintiff has filed a Motion for Re-Consideration of Order Denying Motion to Compel
14  the Clerk of Court to Enter Default as to All Defendants, and Motion to "Strike Out"
15  Defendant Transnation Title Company's Answer.  (Doc. # 15)  In denying Plaintiff's
16  motions, the Court noted in its June 28, 2007 Order that only three of the defendants had
17  been properly served and therefore it would be inappropriate for the Clerk of the Court to
18  enter default as to all four defendants.  The Court also found that although Transnation's
19  Answer to Plaintiff's Complaint was untimely filed, the delay was slight and there was no
20  evidence of prejudice to Plaintiff.  (Doc. # 13)
21  "The Court will ordinarily deny a motion for reconsideration of an order absent a
22  showing of manifest error or a showing of new facts or legal authority that could not have
23  been brought to its attention earlier with reasonable diligence."  LRCiv. 7.2(g).  The motion
24  "shall point out with specificity . . . any new matters being brought to the Court's attention
25  for the first time and the reasons they were not presented earlier."  Id.
26  Petitioner states that he has "recently 'discovered' . . . that defendant attorney Dennis
27  I. Davis had died on March 25, 1993" (Doc. # 15, p.1) and that the Court should therefore
28  reconsider its prior denial of Plaintiff's Motion to Compel the Clerk of the Court to Enter

- 5 -

1  Default as to All Defendants.  Plaintiff also requests that the Court allow him to serve the
2  estate of decedent Dennis I. Davis.

3  First, the Court finds that the information that Plaintiff recently discovered regarding
4  the death of Dennis Davis is a fact that "could [] have been brought to its attention with
5  reasonable diligence." LRCiv. 7.2(g)  It appears that Mr. Davis passed away in 1993, almost
6  fourteen years prior to the commencement of Plaintiff's lawsuit, and that this information
7  was readily available on the internet.  In fact, the search records attached to Plaintiff's
8  Motion for Reconsideration indicate that Plaintiff waited until June 23, 2007, more than two
9  months after he filed suit, and nine days after he filed his Motion to Compel to conduct his
10 search of the Social Security Death Index and the State Bar of Arizona website. (Doc. # 15,
11 Exhibits 1, 2)  Because Plaintiff has failed to make a proper showing under the requirements
12 of Rule 7.2(g), the Court will deny his Motion for Reconsideration with respect to his Motion
13 to Compel.  The Court, however, will grant Plaintiff's Petition (Motion) for Order Allowing
14 Plaintiff Pro Se Rivera to Serve the Estate of Defendant "Deceased" Dennis I. Davis Law
15 Office.

16 Next, with respect to the Court's denial of Plaintiff's Motion to "Strike Out"
17 Transnation's Answer, Plaintiff merely re-urges the same arguments he presented in his
18 original motion. (See Doc. # 12)  Because "[n]o motion for reconsideration of an Order may
19 repeat any oral or written argument made by the movant in support of or in opposition to the
20 motion that resulted in the Order," see Local Rule of Civil Procedure 7.2(g), the Court will
21 deny Plaintiff's Motion for Reconsideration with respect to his Motion to "Strike Out"
22 Transnation's Answer.

23 III.    **CONCLUSION**

24 Accordingly, based on the foregoing,

25 **IT IS ORDERED** granting Defendant Transnation's Motion for Summary Judgment.
26 (Doc. # 16)

27 **IT IS FURTHER ORDERED** denying Plaintiff's Cross-Motion for Summary
28 Judgment Because, I Am Entitled to Judgment As a Matter of Law.  (Doc. # 27)

- 6 -

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Re-Consideration of Order Denying Motion to Compel the Clerk of Court to Enter Default as to All Defendants, and Motion to "Strike Out" Defendant Transnation Title Company's Answer.  (Doc. # 15)

**IT IS FURTHER ORDERED** granting Plaintiff's Petition (Motion) for Order Allowing Plaintiff Pro Se Rivera to Serve the Estate of Defendant "Deceased" Dennis I. Davis Law Office.  (Doc. # 18)

**IT IS FURTHER ORDERED** denying Plaintiff's Request to Enter Default of Defendant Transnation Title Company as moot.  (Doc. # 19)

DATED this 5th day of March, 2008.

_____
Mary H. Murgula
United States District Judge